UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANUEL RAFAEL C.C.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,[2]

Respondents.

No. 2:26-cv-00895-TLN-DMC

**ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (ECF

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Respondents argue that only Petitioner's immediate custodian is a proper Respondent and request that the Court dismiss all other Respondents from this case. (ECF No. 7.) In "core" habeas challenges to present physical confinement "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). However, habeas review is also available for "non-core" challenges to future custody determinations, and in such cases the officials who would make these determinations are proper respondents. *Mejia v. Warden, California City Corr. Ctr.*, No. 2:26-CV-00965-KES-EPG (HC), 2026 WL 805684, at *1 (E.D. Cal. Mar. 23, 2026). To give Petitioner complete relief, the Court is ordering Respondents to refrain from re-detaining him absent compliance with constitutional protections. The "non-core" Respondents are necessary parties for awarding this relief. Therefore, the Court denies the request to dismiss Respondents other than Petitioner's immediate custodian.

No. 1.) The Court previously granted Petitioner's Motion for Temporary Restraining Order ("TRO") and ordered his immediate release. (ECF No. 4.) The Court ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner. (*Id.*) The matter is fully briefed. (ECF Nos. 6, 7.)

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates their custody violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is a noncitizen who entered the United States without admission on March 13, 2021. (ECF No. 1 at 4.) He was arrested by immigration officers and released on his own recognizance. (ECF No. 6 at 1–2.) On March 10, 2026, Petitioner was apprehended and placed in detention by immigration authorities while living in the interior of the country. (ECF No. 1 at 1.) Petitioner was detained without notice or a hearing to determine if he poses a flight risk or danger to the community. (*Id.*)

Petitioner claims his civil immigration detention violates the Immigration and Nationality Act ("INA") and Fifth Amendment Due Process Clause. (*Id.* at 8–9.) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("1225(b)(2)").[3] (ECF

[3] Respondents argue that because Petitioner has been released in compliance with the TRO, the Court should dismiss the habeas petition as moot. (ECF No. 6 at 4–6.) "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67, 117 S.Ct. 1055 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975)). "To maintain an extant claim, a litigant must continue to have a personal stake in the outcome of the suit throughout all stages . . . [T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Carballo v. Semaia*, No. 5:25-CV-03176-SPG-AJR, 2026 WL 381608, at *3 (C.D. Cal. Feb. 10, 2026) (internal quotation marks and citations omitted). The Supreme Court has addressed Respondents' argument in the context of class action claims and found that such cases are not moot when at least one class member "ha[s] been granted [relief] following a preliminary injunction in a separate case" because "[u]nless [the] preliminary injunction [is] made permanent" the petitioner "face[s] the threat of re-arrest." *Nielsen v. Preap*,

No. 8 at 3–4.)

As to Petitioner's statutory claim, the Ninth Circuit has confirmed Respondents' interpretation of § 1225(b)(2) is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3.

Section 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner was denied the process owed to those subject to § 1226(a). Respondents therefore violated the INA in Petitioner's detention.

As to Petitioner's constitutional claim, the Court finds Petitioner possesses a protected liberty interest and was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during his time living freely prior to his current detention. Even if Petitioner is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693. Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed notice and a hearing before a neutral decisionmaker to determine whether his detention is justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24,

---

586 U.S. 392, 403 (2019). By contrast, the Ninth Circuit has found that when the government represents that it will not re-arrest a habeas petitioner, their petition may be deemed moot. *Picrin-Peron v. Rison*, 930 F.2d 773 (9th Cir. 1991); *but see Carballo*, 2026 WL 381608 at *4 (rejecting a similar mootness argument based on *Rison* due to distinguishable facts). Respondents have made no such representation.

2026) (analyzing the *Mathews* factors and finding similarly). Having received neither, Petitioner's detention violates the Fifth Amendment Due Process Clause.

Accordingly, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus is GRANTED. (ECF No. 1.)

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. Respondents' Motions to Dismiss the habeas petition are DENIED. (ECF Nos. 6, 7.)

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATED: September 8, 2026

Troy L. Nunley
Chief United States District Judge